**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BOBBY WILLIAMS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.** |
| **SFM LLC d/b/a SF MARKETS LLC, SPROUTS FARMERS MARKET TEXAS LP AND SFM BEVERAGES, INC.,** | |
| **Defendant**. | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**:

COMES NOW, Defendant Sprouts Farmers Market Texas LP, ("Defendant") and pursuant to 28 U.S.C. § 1332, 1441(b), and 1446, files this Notice of Removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division of the action numbered and styled *Bobby Williams v SFM LLC d/b/a SF Markets LLC, Sprouts Farmers Market Texas LP and SFM Beverages, Inc*.; Cause No. DC-22-06336; In the 134th Judicial District Court of Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show unto the Court as follows:

### I.
### REMOVAL IS TIMELY

1.      Defendant Sprouts Farmers Market Texas LP was served with Plaintiff's Original Petition (the "Petition") on June 27, 2022. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed pursuant to section 1446(b) of the United States Code. 28 U.S.C.§ 1446(b). Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendant, and no Defendant is a citizen of the same state. As a result, complete diversity exists.

3.      Plaintiff Bobby Williams was a citizen of the State of Arkansas at the time this action was filed. Consequently, Plaintiff Bobby Williams was at the time this action was commenced, and is currently, a citizen of the State of Arkansas.

4.      Defendant Sprouts Farmers Market Texas LP is a domestic limited partnership with a business property located at  1343 W Campbell Road, Richardson, Dallas County, Texas 75080. Defendant Sprouts Farmers Market Texas LP is now, and was at the time this action was commenced, a citizen of the State of Texas.

## III.
## AMOUNT IN CONTROVERSY

5.      In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id*. §1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. Id. § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co*., 529 F.3d 947, 951 (10th

Cir. 2008); *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. See *McPhail*, 529 F.3d at 955.

6.      A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00.  Plaintiff alleges damages and seeks relief $250,000.00 or less (Pl. Orig. Pet., Sec. 2). The Petition alleges that Plaintiff Bobby Williams injured his foot in the incident made the basis of this lawsuit. (Pl Orig. Pet., Sec. 7.16). As a result of the incident Plaintiff Bobby Williams alleges he was injured and makes a claim for damages to include past and future: pain and mental anguish; physical impairment; and disfigurement. (Pl. Orig. Pet., Sec. 9).

7.      Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing*, 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

## IV.
## PROCEDURAL REQUIREMENTS

8.      Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

9.      By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted

by the applicable Rules of Civil Procedure.

10.     All of the papers on file in the State Court case at the time of removal are attached hereto as **Exhibit 2**. Those papers include copies of the Court's Docket Sheet, Plaintiff's Original Petition, and all documents served on Defendant.

11.     Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. §1446(d).

12.     Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the District Clerk for the 134th Judicial District Court in Dallas County, Texas promptly after the filing of this Notice.

**V.**
**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 134th Judicial District Court in Dallas County, Texas to this Court, on this the 27th day of July, 2022.

Respectfully submitted,

By:   */s/ William M. Toles*
   **WILLIAM M. TOLES**
   State Bar No. 00798550
   **IAN SHAW**
   State Bar No. 24117041

   **MUNSCH HARDT KOPF & HARR, PC**
   500 N. Akard Street, Suite 3800
   Dallas, Texas 75201
   Telephone: (214) 855-7500
   Facsimile: (214) 855-7584
   wtoles@munsch.com
   ishaw@munsch.com

   **ATTORNEYS FOR DEFENDANT**
   **SPROUTS FARMERS MARKET TEXAS LP**

## CERTIFICATE OF SERVICE

   The undersigned certifies that on the 27th, day of July, 2022, a true and correct copy of the foregoing document was forwarded via e-service through the ECF system to counsel for Plaintiff:

Damon Mathias
Ori Raphael
Rabiah Jeenah
Mathias Raphael, PLLC
17855 Dallas Parkway, Suite 155
Dallas, Texas 75287
damon@mrlaw.co
ori@mrlaw.co
rabiah@mrlaw.co

         */s/ William M. Toles*
         **WILLIAM M. TOLES**