# EXHIBIT 2b

FILED
6/10/2022 6:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

**3 CIT ESERVE**

CAUSE NO. DC-22-06336 _____

| | | |
|---|---|---|
| **BOBBY WILLIAMS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | 134th |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **SFM LLC d/b/a SF MARKETS LLC,** | § | |
| **SPROUTS FARMERS MARKET** | § | |
| **TEXAS LP and SFM BEVERAGES,** | § | |
| **INC.,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Bobby Williams, complaining of and against SFM LLC d/b/a SF Markets LLC, Sprouts Farmers Market Texas LP and SFM Beverages, Inc., Defendants herein, and would respectfully show unto the Court as follows:

### I.    DISCOVERY - CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II.    RELIEF

2.    Plaintiff seeks monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. The damages sought are within the jurisdictional limits of the court. Tex. R. Civ. P. 47(c)(1).

### III.    PARTIES AND SERVICE

3.    Plaintiff, Bobby Williams, (hereinafter "Plaintiff" or "Mr. Williams") is an individual residing in Pulaski County, Arkansas.  The last three (3) digits of Plaintiff's social security number are 908, and the last three (3) digits of Plaintiff's driver's license number are 465.

4.      Defendant, <u>SFM LLC d/b/a SF Markets LLC</u>, (hereinafter "Defendant SFM LLC") is a foreign limited liability company with a business property located at 1343 W Campbell Road, Richardson, Dallas County, Texas 75080. Because Defendant engages in business in Texas, maintains a business property in Dallas County, and this lawsuit is connected with Defendants' business transacted in Texas, service upon Defendant may be accomplished by service through its registered agent, **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701** or any other place where Defendant may be found. **Issuance of citation for Defendant is requested at this time, and service will be completed by a private process server.**

5.      Defendant, <u>Sprouts Farmers Market Texas LP</u>, (hereinafter "Defendant Sprouts Farmers Market Texas LP") is a domestic limited partnership with a business property located at 1343 W Campbell Road, Richardson, Dallas County, Texas 75080. Because Defendant engages in business in Texas, maintains a business property in Dallas County, and this lawsuit is connected with Defendants' business transacted in Texas, service upon Defendant may be accomplished by service through its registered agent, **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701** or any other place where Defendant may be found. **Issuance of citation for Defendant is requested at this time, and service will be completed by a private process server.**

6.      Defendant, <u>SFM Beverages, Inc.</u>, (hereinafter "Defendant SFM Beverages, Inc.") is a foreign corporation with a business property located at 1343 W Campbell Road, Richardson, Dallas County, Texas 75080. Because Defendant engages in business in Texas, maintains a business property in Dallas County, and this lawsuit is connected with Defendants' business transacted in Texas, service upon Defendant may be accomplished by service through its registered

agent, **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701** or any other place where Defendant may be found.  **Issuance of citation for Defendant is requested at this time, and service will be completed by a private process server.**

## IV.    MISNOMER/ALTER EGO

7.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8.      Pursuant to Rule 28 of the Texas Rules of Civil Procedure, this is a suit against Defendant Sprouts Farmers Market which is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name or d/b/a and, therefore, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right and Plaintiff asks that the court on its own motion or upon motion of any party substitute the true name of this Defendant.

## V.    JURISDICTION

9.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

10.      This Court has personal jurisdiction over Defendants because Defendants are residents of the State of Texas or each regularly conducts business within the State of Texas for the purpose of accumulating monetary profits, has continuing contacts with Texas and is amenable to service by a Texas Court.

## VI.   VENUE

11.     Venue is proper in Dallas County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## VII.   FACTS

12.     At all times relevant herein, upon information and belief, Defendants SFM LLC, Sprouts Farmers Market Texas LP and SFM Beverages, Inc., owned, leased, possessed, maintained, managed and/or controlled and/or had a duty to possess, maintain, manage or control, both directly or indirectly through their agents, servants, contractors and/or employees, a property located at 1343 W Campbell Road, Richardson, Dallas County, Texas 75080 (the "Premises" or the 'Property") under the trade or assumed name of Sprouts Farmers Market, Store No. 106 (the "Store").

13.     At all times hereinafter mentioned, Defendants controlled, led and/or created Sprouts Farmers Market, Store No. 106 and the uniform operation of the Store.

14.     Further, at all times hereinafter mentioned, Defendants owned, operated, managed and/or controlled and/or had a duty to operate, manage and/or control, both directly or indirectly through their agents, servants, representatives and/or employees, the Store, including but not limited to the shopping aisles and common areas within the Store.

15.     In the course of Defendants' aforementioned operation of the Property, Defendants invited Plaintiff, as a guest, to enter the Property.

16.     On or about June 19, 2020, Plaintiff proceeded to the frozen food aisle of the Store.  While looking for items in the frozen food aisle, Plaintiff closed one of the frozen food section doors in order to look through the adjacent frozen food section. As he proceeded to his right in an attempt

to look through the next frozen food section, through no fault, negligence or carelessness of his own, suddenly and without warning, Plaintiff's right foot forcefully struck a milk crate which one of Defendants' employees left unattended directly in front of the frozen food section.

17.     Shortly thereafter, one of Defendants' employees, servants, contractors, and/or agents rushed over from a different aisle of the Store and quickly removed the crate that injured Plaintiff. Despite seeing that Plaintiff was injured and in pain, said employee, servant, contractor, and/or agent took the crate, quickly exited the area where the subject incident took place and did not return.

18.     No devices, signs or other methods of warning were used to call attention to the unattended crate in the frozen food aisle despite that Defendants, by and through their employees, servants, contractors, and/or agents, had actual or constructive knowledge of the unattended crate left in the aisle.

19.     As a result of Defendants' negligence and sheer disregard of the safety of persons such as Plaintiff and other consumers on the Property, Plaintiff suffered personal injuries and economic damages. It was Defendants' negligence which was the proximate cause of Plaintiff's personal injuries and damages.

### VIII.     CAUSES OF ACTION

**A) *Negligence as to Defendants SFM LLC d/b/a SF Markets LLC, Sprouts Farmers Market Texas LP and SFM Beverages, Inc.:***

20.     Plaintiff realleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

21.     At all times pertinent to this action, Plaintiff was a business invitee who entered the Property at the implied invitation of Defendants' knowledge and permission and for the mutual benefit of both parties.

22.     At the aforesaid date and time and at the aforesaid place, it then and there became and was the duty of Defendants, prior to and at the time of the occurrence, to exercise reasonable care and caution in and about the ownership, management and/or maintenance of said premises so that the same would be in good, safe and proper condition for consumers and other persons on the Premises so as not to cause harm and injury to such persons and, in particular, Plaintiff.

23.     Moreover, Defendants owed Plaintiff a duty to exercise ordinary care to keep the Premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

24.     Defendants' conduct, and that of their agents, servants and employees acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendants knew or should have known with a reasonable inspection that the condition on the Premises created an unreasonable risk of harm to consumers and other persons on the Premises. Still, Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn consumers and other persons regarding it, in that Defendants, by and through their employees, servants, contractors, and/or agents, failed to address an unattended crate left in the aisle of the Store where Plaintiff was injured.

25.     Notwithstanding the aforesaid duty, Defendants' acts and/or omissions fall below the standard of care and is the proximate cause of the occurrence at issue and Plaintiff's resulting injuries and damages.  Defendants, individually and by and through their agents, servants and employees on each defendant's behalf, were in violation of their duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

      a.     Failing to maintain the leased Premises owned and/or operated by Defendants in good and safe condition for Plaintiff and others;

b.  Failing to properly supervise the aisles and common areas in question so as to maintain aisles and common areas free from hazards which were recognized or should have been recognized by Defendants as causing or likely to cause the serious physical harm to Plaintiff and others;

c.  Failing to make a reasonable inspection of the aforesaid premises wherein Plaintiff was injured;

d.  Failing to exercise reasonable care to reduce or eliminate the risk on the Premises;

e.  Failing to properly supervise Defendants' personnel, employees, agents, contractors, or servants, to ensure that the Premises was maintained in an adequate manner and free from hazards;

f.  Failing to have policies and procedures in place in regard to obstructions in aisles and common areas of the Premises and associated unreasonable risks of harm to foreseeable persons at the Premises;

g.  Failing to develop and implement adequate procedures and mechanisms to avoid such safety omissions which would pose risks to the safety and welfare of foreseeable persons at the Premises;

h.  Failing to develop and implement adequate procedures and mechanisms to minimize or avoid risks posed by such omissions to the safety and welfare of foreseeable persons at the Premises;

i.  Failing to develop and implement adequate procedures and mechanisms for monitoring and evaluating aisles and common areas of the Premises in order to minimize or avoid risks posed by obstructions in aisles and common areas of the

Premises and to avoid such omissions thereby threatening the safety and welfare of invitees on said premises; and

j.    Was otherwise negligent on the aforesaid premises.

26.    Each of the above acts and omissions, singularly or any combination of one or more, was the proximate cause of Plaintiff's injuries and damages.

B) *Premises Liability:*

27.    Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

28.    Defendants had a duty to promptly make safe or warn against any unsafe and unreasonably dangerous conditions of which Defendants knew about or could have discovered with a reasonable inspection.

29.    Defendants, as owners, operators and/or lessors of the Property, had a duty to keep the premises under their control in a safe condition and to warn Plaintiff of such dangerous and/or defective conditions.

30.    Defendants failed to make safe the dangerous condition and/or failed to warn Plaintiff about the condition.

31.    Plaintiff was injured by a defective and/or dangerous condition on the Property of which Defendants had "actual knowledge" of before the injury occurred, and Defendants breached their duty to promptly make safe the dangerous condition and/or warn Plaintiff, proximately causing Plaintiff's damages.

32.    Each and every one of the foregoing acts and omissions, singularly and/or in combination with each other, constitute negligence and was a direct and proximate cause of the injuries and damages as more fully described hereinbelow.

### C) *Gross Negligence:*

33.     Plaintiff realleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

34.     Defendants' acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of their occurrence, involve an extreme degree of risk (considering the probability and magnitude of the potential harm to others) and of which the actor has actual, subjective awareness of but failed to take appropriate measures to prevent against entitling Plaintiff to exemplary damages.

35.     Plaintiff's injuries and damages resulted from Defendants' gross negligence which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code § 41.003(a).

## IX.    DAMAGES

36.     As a result of the actions and/or omissions enumerated above, Plaintiff has suffered damages.  Specifically, Plaintiff has suffered:

   a.   Actual damages in the past and, in all reasonable probability, will incur actual damages in the future;

   b.   Medical bills and expenses in the past and, in all reasonable probability, medical bills and expenses in the future;

   c.   Physical pain and suffering in the past and, in all reasonable probability, physical pain and suffering in the future;

   d.   Mental anguish in the past and, in all reasonable probability, mental anguish in the future;

   e.   Impairment in the past and, in all reasonable probability, impairment in the future;

    f.   Loss of earning capacity in the past and, in all reasonable probability, loss of earning capacity in the future;

    g.   Exemplary damages in an amount determined by the Court pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

    h.   Costs of court; and

    i.   Pre- and post-judgment interest at the highest rate permitted by law.

37.    The negligence of Defendants proximately caused the incident made the basis of this lawsuit and the injuries and damages to Plaintiff complained of herein.

## X.    CONDITIONS PRECEDENT

38.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XI.    ALTERNATIVE ALLEGATIONS

39.    To the extent any allegation in the FACTS or CAUSES OF ACTION sections herein are inconsistent with any other allegation, such inconsistent allegations are pled in the alternative pursuant to Texas Rule of Civil Procedure 48.  Further, Plaintiff reserves the right to amend and/or supplement this petition as the case progresses and further factual information is obtained.

## XII.    JURY DEMAND

40.    Plaintiff hereby demands a trial by jury on all issues presented in this action pursuant to Texas Rule of Civil Procedure 216.

## XIII.    NOTICE OF INTENT

41.    Pursuant to Texas Rule of Civil Procedure 193.7, any and all documents produced by Defendants in response to written discovery are intended to be used by Plaintiff and shall be deemed properly authenticated for use in any pretrial proceeding or trial in this case.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court issue citation for Defendants to appear and answer herein and that, upon final trial of this cause, Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

c. Plaintiff's future medical expenses;

d. Plaintiff's physical pain and suffering in the past and future;

e. Plaintiff's mental anguish in the past and future;

f. Damages resulting from physical impairment in the past and future;

g. Plaintiff's loss of earning capacity in the past and future;

h. Exemplary damages, as permitted under § 41.003, Tex. Civ. Prac. & Rem. Code;

i. Costs of court;

j. Pre- and post-judgment interest as allowed by law; and

k. All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MATHIAS RAPHAEL PLLC**

13101 Preston Road, Suite 501
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Damon@mrlaw.co
Ori@mrlaw.co
Rabiah@mrlaw.co

BY:   _/s/ Damon Mathias_
       Damon Mathias
       State Bar No. 24080170

Ori Raphael
State Bar No. 24088273
Rabiah Jeenah
State Bar No. 24125919

**ATTORNEYS FOR PLAINTIFF**